IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TODD B. MCFARLAND, Plaintiff, v. WELLS FARGO BANK, N.A., Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br>Case No. 1:13-cv-148<br><br>Magistrate Judge Brooke Wells |

Defendant Wells Fargo Bank, N.A. moves to dismiss Plaintiff Todd McFarland's Complaint.[1] After careful consideration of the record, relevant law, and the parties' memoranda, the Court has determined that oral argument is unnecessary and decides the motion based upon the record before it.[2]

In response to Defendant's motion, Plaintiff conceded that his second and ninth causes of action lacked merit.[3] The Court dismissed those causes of action in an order dated March 14, 2014.[4] Wells Fargo asserts that Mr. McFarland's remaining claims are barred by res judicata. Or, in the alternative, each of the causes of action should be dismissed on their merits. Because Plaintiff's claims are barred by res judicata Defendant's motion is GRANTED and Plaintiff's Complaint is dismissed with prejudice.[5]

---

[1] Docket no. 12.

[2] DUCivR 7-1(f).

[3] Op. p. 21, docket no. 16.

[4] Docket no. 22.

[5] On March 18, 2014, the Court struck the hearing set on this motion. Pursuant to Local Rule 7-1(f) the Court decides this motion on the basis of the written memoranda of the parties.

## BACKGROUND[6]

On approximately May 6, 2005, Mr. McFarland obtained a mortgage to purchase real property located in West Haven, Utah. In connection with the loan, Mr. McFarland also executed a Deed of Trust to Wells Fargo which encumbered the property and secured his obligations under the loan.

In 2010, Plaintiff lost his employment and contacted Wells Fargo requesting a loan modification. Because Plaintiff was current on his loan he was advised by Wells Fargo that he was not eligible for any loan modification program and to qualify he needed to be at least three months delinquent in payments. Mr. McFarland then discontinued making payments on the loan for a period of three months after which Plaintiff once again contacted Wells Fargo to start the application process. Plaintiff was never approved for a loan modification and during the loan modification review process Defendant provided notice of a trustee's sale that was set to occur on November 16, 2010. Defendant informed Plaintiff that this sale would be postponed if he would send $2,700. Mr. McFarland sent $2,700 to Wells Fargo at that time and the sale was postponed.

The sale was scheduled again for December 17, 2010 and subsequently postponed until February 1, 2011. On approximately January 31, 2011, Plaintiff received an oral confirmation from Defendant that the third sale had been postponed until March 4, 2011. During this time frame Mr. McFarland was in frequent contact with Defendant regarding the status of his loan modification request. Defendant repeatedly informed Mr. McFarland that his request was under review. On March 3, 2011 Wells Fargo informed Mr. McFarland that the sale had been postponed an additional 30 days because his loan modification application was still under

---

[6] The facts are taken from Plaintiff's Complaint and are accepted as true for purposes of the instant motion.

review.  Mr. McFarland contacted Defendant once again on March 21, 2011 and was told that the property had been sold on March 18, 2011.  Defendant was the only bidder at the sale of the property.  Mr. McFarland never received a denial of his loan modification application.

"After the foreclosure sale occurred, [Plaintiff] brought an action in the Second Judicial District Court in and for the Weber County, State of Utah, to challenge the foreclosure as a counterclaim in an eviction action."[7]  Wells Fargo was a named party in that action but was dismissed without prejudice.  "Unfortunately, counsel for [Plaintiff] did not handle [that] civil litigation properly and failed to follow the Rules of Civil Procedure."[8]  Mr. McFarland's response to a motion for summary judgment in that case was untimely and that court entered judgment against him.  Mr. McFarland has appealed the decision of the Second Judicial District Court and that appeal is still in process.  According to Plaintiff, "[i]n the meantime, he has elected to pursue his claims against Wells Fargo separately which are now before this Court."[9]

## STANDARD OF REVIEW

When reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as opposed to conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff, which is the nonmoving party.[10]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[11]  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[12]  The Court, however, "need not accept conclusory allegations without supporting factual

---

[7] Op. p. 7.

[8] *Id.*

[9] *Id.* at 8.

[10] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing a complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[12] *GFF Corp. v. Associated Wholesale Grocers, INc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

averments."[13]  Conclusory allegations are allegations that "do not allege the factual basis" for the claim.[14]  Thus, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[15]  Stating an adequate claim under Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[16]

## DISCUSSION

The Court finds this case turns on the doctrine of *res judicata*.  Wells Fargo argues that Mr. McFarland's causes of action fail because they are barred by *res judicata*.  In contrast, Mr. McFarland argues that this case should not be dismissed under that doctrine because "there has been no meaningful determination on the merits of [Plaintiff's] claims in the state court action."[17]  Thus, although there was a dispositive order by the state court, the "state court did not render a final judgment on the merits and therefore *res judicata* does not apply."[18]  Plaintiff fails to cite any authority in support of this argument and in any event, the Court finds Plaintiffs position unpersuasive.

"In Utah, *res judicata* may apply as the result of either claim preclusion or issue preclusion.  Claim preclusion '"is premised on the principle that a controversy should be

---

[13] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10ht Cir. 1998); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[15] *Miller v. Glanz*, 948 F.2d 1562, 1564 (10th Cir. 1991).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 173 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal citations omitted).

[17] Op. p. 9.

[18] *Id.* at 10.

adjudicated only once.""'"[19] Utah applies a three-part test to determine whether a claim is precluded from relitigation:

> First, both [suits] must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action [because it arose from the same transaction or operative facts]. Third, the first suit must have resulted in a final judgment on the merits.[20]

Each of these elements are present here. First, Plaintiff does not dispute that Defendant is in privity with Federal Home Loan Mortgage Corporation (FHLMC), which was the named party in the state Unlawful Detainer Action. Wells Fargo and FHLMC have a successive relationship to rights in the property and the fact that Wells Fargo was eventually dismissed without prejudice in the state action is of no consequence since FHLMC remained a party in that action. Thus the Court finds the first element is met.

Second, a review of Mr. McFarland's causes of action in this case and the underlying state action indicate that each of Plaintiff's causes of action could have or should have been brought in the state case. All of the causes of action are premised upon the same allegations that Wells Fargo orally agreed to not foreclose on Mr. McFarland's property while considering his loan modification request. Thus, the subsequent foreclosure was wrongful. Accordingly, the second element is met.

Third, the Court finds that the state action resulted in a final judgment in favor of FHLMC on the merits. Mr. McFarland argues that there was no decision on the merits because his claims were dismissed on a procedural default. The Court disagrees and finds that the record

---

[19] *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (quoting *Mack v. Utah State Dep't of Commerce, Div. of Sec.*, 221 P.3d 194, 203 (Utah 2009) (quoting *Nebeker v. State Tax Comm'n*, 34 P.3d 180, 186 (Utah 2001)).

[20] *Horne*, 698 F.3d at 1301 (quoting *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 289 P.3d 502, 506 (Utah Oct. 2, 2012) (quoting *Mack*, 221 P.3d at 203).

as well as case authority undermines this argument. For example, Mr. McFarland has appealed the Second Judicial District Court's decision. Such an appeal is an indication of a final judgment.[21] Further, the United States Supreme Court in a decision from 1947 stated that "A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default."[22] There is no indication of fraud or collusion, so the Court finds there is no reason to abandon the long held principle that a default is considered a final judgment. Accordingly, element three is met.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the doctrine of *res judicata* applies to this matter. Defendant's Motion to Dismiss is therefore GRANTED.

DATED this 22 April 2014.

Brooke C. Wells
United States Magistrate Judge

---

[21] *See e.g.*, Utah R. App. P. 4a ("Appeal from final judgment and order."); Utah R. App. P. 9(c)(1) (noting that the docketing statement must contain "A concise statement of the nature of the proceeding, e.g., "This appeal is from a final judgment or decree of the First District Court").

[22] *Morris v. Jones*, 329 U.S. 545, 550-51 (1947) (quoting *Riehle v. Margolies*, 279 U.S. 218, 225 (1929)).